UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROYCE LOVE,                     )
                                )
     Plaintiff,                 )
                                )
     v.                         )     CAUSE NO. 3:15-CV-214-MGG
                                )
THE CITY OF SOUTH BEND, *et al.*, )
                                )
     Defendants.                )
                                )

**OPINION AND ORDER**

On July 12, 2017, Defendants filed their Renewed Motion for Summary Judgment. [DE 32]. In their motion, Defendants seek summary judgment as to all claims raised by Love in this case. Love's claims arise from the alleged use of excessive force against him during an arrest following a multi-vehicle police chase through the streets of South Bend, Indiana in the early morning hours of August 4, 2013. Through the instant action under 42 U.S.C. § 1983, Love has raised Fourth and Fourteenth Amendments claims of excessive and unreasonable use of force against the South Bend police officers involved in the arrest. For the reasons stated below, the Court **DENIES** Defendants' motion.

I.   PROCEDURE

On November 12, 2015, Love was convicted in the St. Joseph Superior Court for resisting law enforcement (Ind. Code § 35-44.1-3-1(a)(1)) and mistreatment of a law enforcement animal (Ind. Code § 35-46-3-11(a)(1)). *See State of Indiana v. Royce Love*, 71D03-1308-FD-000653. These are both class A misdemeanors. Love filed a notice of appeal on November 18, 2015. During the pendency of Mr. Love's appeal before the Indiana Court of Appeals, the Defendant

Officers filed a motion for summary judgment in this Court. [DE 13]. Defendants' first motion for summary judgment was granted in part and denied in part. [DE 20]. Subsequent to this Court's ruling on the Defendant Officers' Motion, Mr. Love's criminal convictions were overturned by the Indiana Court of Appeals. *See Love v. State*, 61 N.E.3d 290 (Ind. Ct. App. 2016). The Indiana Supreme Court granted transfer, vacated the Court of Appeals' opinion, and affirmed Mr. Love's misdemeanor convictions. *Love v. State*, 73 N.E.3d 693, 700 (Ind. 2017).

On the basis of the Indiana Supreme Court's decision, Defendants filed their Renewed Motion for Summary Judgment on July 12, 2017. [DE 32]. On July 24, 2017, Plaintiff, Royce Love, filed his response in opposition. [DE 34]. On July 31, 2017, Defendants filed their reply. [DE 36]. The Court issues the following opinion resolving Defendants' motion as discussed below pursuant to the consent of the parties and 28 U.S.C. §636(c).

## II.  RELEVANT BACKGROUND

In its order on Defendants' original motion for summary judgment, this Court recited the facts of this case, which have not changed and need not be repeated here. [See DE 20 at 1-4]. Generally, however, Love was arrested after his vehicle was pursued by police. The contested facts, relevant here, involve what happened in the immediate aftermath of Love's vehicle coming to a stop. Additionally, and at the heart of this case, the parties contest the meaning of Love's November 12, 2015, convictions for resisting law enforcement and mistreatment of a law enforcement animal.

In general, Love contends that "[u]pon exiting his vehicle, [he] complied with police commands to get down on the ground and extend his hands" and "[t]here was no legal cause to justify [Defendants'] violent assault upon [him] after he voluntarily went to the ground and extended his hands in surrender." [DE 2 at 2, 3]. Defendants characterize Love's complaint as

2

alleging Love to have been passive and compliant the entire duration of the arrest. Defendants further allege it is not logically possible for both (1) Love to be correct in these factual allegations and for (2) the conviction to be sustained. [DE 36 at 4].

In their competing version of the facts, Defendants allege that Mr. Love never fully complied with the officers' commands. Rather, he attacked a police dog, shouted at officers, and pulled Taser wires from his body. The force officers used was not excessive, Defendants claim, because if it were, the conviction for resisting law enforcement would necessarily be invalid. In other words, Defendants allege a finder of fact has made determinations specific enough to logically preclude Love's version of events. [DE 33 at 7].

In opposition to Defendants' argument that his version of events is precluded, Love contends that the state court verdict is not dispositive to the issue of whether he resisted only prior to the use of excessive force by the police. [DE 35 at 3]. Additionally, according to Love, the criminal charge for resisting law enforcement by force only charged that he resisted Officer Jonathan Gray. [*Id.* at 4].

### III. SUMMARY JUDGMENT STANDARD OF REVIEW

A renewed motion for summary judgment is appropriate if there is the availability of new evidence or an expanded factual record. *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995). "[T]he district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reason exists." *Id.* Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 922 (7th Cir. 2001). In determining whether a genuine issue

of material fact exists, this Court must construe all facts in the light most favorable to the nonmoving party as well to draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *King v. Preferred Technical Group*, 166 F.3d 887, 890 (7th Cir. 1999).

To overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings. Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial. *Celotex v. Catrett*, 477 U.S. 317, 322–23 (1986); *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000). Where a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In other words, "[s]ummary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quotations omitted).

IV. **ANALYSIS**

A plaintiff cannot prevail on a suit brought under 42 U.S.C. §1983 if success would necessarily imply the invalidity of a criminal conviction. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "The rule of *Heck v. Humphrey* is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilson*, 466 F.3d 619, 621 (7th Cir. 2006) (citing *Heck*, 512 U.S. at 484). To this end, *Heck* bars a plaintiff from maintaining a Section 1983 action in situations where "a judgment in favor of the plaintiff would necessarily

4

imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487; *see also VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006).

Conversely, if the civil action, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Heck*, 512 U.S. at 487. "As a general proposition, a plaintiff who has been convicted of resisting arrest or assaulting a police officer during the course of an arrest is not *per se Heck*-barred from maintaining a Section 1983 action for excessive force stemming from the same confrontation." *McCann*, 466 F.3d at 621 (holding that because the complaint could be read to allege that plaintiff never posed a threat of violence, attempted escape, or resisted arrest *to a degree* that would have justified the use of the particular force employed by officers, plaintiff's claim was not barred by *Heck*). A contrary conclusion would "imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages." *VanGilder*, 435 F.3d at 692.

Here, Defendants contend there is no genuine disagreement of material fact and that they are entitled to summary judgment because Love's claim for use of excessive force under 42 U.S.C. §1983 cannot prevail under Love's own version of the facts. Defendants claim that, were Love to succeed in his claim under his version of events, his conviction for resisting law enforcement would be implied to be invalid. Defendants base this on their interpretation of Love's complaint as claiming that Love was passive and compliant for the entire duration of the arrest, as well as their understanding of the factual basis of the conviction. [*See* DE 33 at 4-5]. Accordingly, Defendants argue that *Heck* bars such findings as they would undermine Love's prior conviction.

In opposition to Defendants' argument that this Section 1983 case is barred by *Heck,* Love argues that it is entirely possible he was convicted for engaging in a modest exertion of strength

prior to the alleged misconduct of the arresting officers. Such resistance, he claims, does not preclude a finding that the Defendants' response was excessive. Additionally, Love insists that the record before this Court alone does not include evidence of the particular facts that furnished the basis for his conviction. Consequently, Love contends summary judgment is improper without this Court's review of the state court record related to his conviction. [*See* DE 35 at 2-3].

Love's arguments are persuasive. Through their arguments, Defendants show that they have misread the complaint to foreclose the possibility that Defendant ever acted in a manner consistent with his criminal convictions. In relevant portion, Love's complaint alleges:

> 10. The above named defendant officers surrounded plaintiff's vehicle and plaintiff exited with his arms raised in the air.
> 11. Upon exiting his vehicle, plaintiff complied with police commands to get down on the ground and extend his hands.
> 12. As plaintiff lie on the ground in the alley, defendant officers deployed multiple Taser guns and administered multiple shock cycles.
> 13. Defendant officers then ordered a police trained German Shepard to attack plaintiff and cause him severe injuries.
> 14. As the police dog attacked plaintiff, several defendant officers began striking him.
> 15. There was not legal cause to justify defendant officers' violent assault upon plaintiff after he voluntarily went to the ground and extended his hands in surrender.

[DE 2 at 2-3]. Yet, the record here does not include the full record of Love's convictions. In order to get a complete picture of the basis for Love's convictions, this Court would have to examine the state trial court's opinion. *See Williams v. Liberty*, 461 F.2d. 325, 327 (7th Cir. 1972) (reasoning, "[i]n the case before us, neither the pleadings, the evidence nor the jury instructions from the prior criminal proceedings were before the district judge. And lacking a certified copy of the transcript we are uninformed as to which of plaintiff's acts furnished the foundation for his convictions of resisting arrest"). As Defendants have not provided any of the documents from the trial court conviction, this Court cannot effectively compare the allegations in the complaint to the conviction.

Moreover, Love's complaint, on its face, does not detail every moment of Love's encounter with the police, nor explicitly claim Love was passive and compliant throughout the entire duration of the arrest. Therefore, when read in the light most favorable to Love, his complaint leaves interpretive space for the facts which ground the convictions. For instance, the complaint does not define the interval of time between when Love went down the ground, and when Love was tased while on the ground. [DE 2 at 2]. Notably, Love further defines this interval of time in his affidavit where he avers that, while on the ground, and prior to being tased, he turned on his side to speak with the police "[b]ecause [they] were yelling at me and not handcuffing me." [DE 18. at 1]. In addition, Love's complaint alleges nothing to suggest that Love was passive and compliant while on the ground. With these two gaps, Love's complaint leaves open the possibility that he resisted during the undefined period of time when he was on the ground prior to Defendants' use of tasers.

Moreover, paragraphs 12, 13 and 14—where Love alleges all of Defendants' excessive force—are silent as to any motive for the force. Additionally, these paragraphs do not state the events alleged took place immediately one after the other with no intervening actions by Love. The silence allows for the possibility that some sort of resistance occurred in-between any of the events. As such, the actions of Love that form the basis of his convictions could have taken place in-between the alleged actions of police officers at a time when Love was not allegedly being brutalized.

Paragraph 15 alleges that there was no legal cause to justify the defendant officers' assault. The necessary interpretation of this allegation is not, as Defendants claim, that Love did not resist arrest. Rather, when obligatorily read in the light most favorable to Love, it could mean that the force used by officers is alleged to be an excessive response to whatever resistance Love committed. *Heck* does not estop Love's 42 U.S.C. § 1983 claim because paragraph 15 could be

7

read to allege that the Defendants' conduct was an excessive response to the resistance behind Love's conviction. Stated another way, there is no necessary implication that Love's conviction is invalid. See *McCann*, 466 F.3d at 622-23.

V. **CONCLUSION**

By not including the trial record, and because Love's complaint leaves open the possibility of at least some convictable form of resistance, Defendants have failed to show what evidence they have, if any, that would convince a trier of fact to accept its version of events. See *Hammel v. Eau Galle Cheese Factory*, 407 F.3d at 859. For these and other reasons discussed above, the Court **DENIES** Defendants' renewed motion for summary judgment. [DE 32]. Love's excessive force claims against Defendants Schlegelmilch, Gray, Cole, Wright, Stuk, Sanchez, Deak, and Blilinski remain scheduled for trial to commence April 24, 2018.

**SO ORDERED.**

Dated this 1st day of December 2017.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
